EDITH MERKLING, PLAINTIFF, v. FRED C. MERKLING, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided March 29, 1954.

*Mr. James S. Ely,* attorney for plaintiff.

HEGARTY, J. S. C. This is a proceeding brought at the instance of plaintiff's attorney on petition and order issuing thereunder directing plaintiff and defendant to show cause why he is not entitled to a lien for his services, and why the

court should not proceed to fix and determine the amount of said lien pursuant to said petition and enforce the same. Petitioner also demands a determination by the court as to the disposition of the above titled cause.

In substance the petition sets forth: He is an attorney and counsellor at law of the State of New Jersey and on or about January 12, 1954 he was called by plaintiff concerning the bringing of an action for separate maintenance against her husband. He consulted with plaintiff in her home in Wood-Ridge, New Jersey, on January 13 and 14, 1954 and arrangements were then made as to the legal methods to be employed in plaintiff's behalf. A complaint was drafted and its corresponding summons prepared for separate maintenance alleging an abandonment and refusal and neglect to maintain and provide for plaintiff and praying for suitable support and maintenance in her behalf. The said complaint was filed and he paid the required fee of $25 out of his own money. A notice of motion was drawn with its attending affidavits and signed by the plaintiff in her home. The papers were served on Hubert J. Franklin, Esq., as attorney for defendant, Fred C. Merkling. On Monday, January 18, 1954, plaintiff addressed a letter to petitioner requesting a discontinuance of the action and since that time he has not been able to obtain the cooperation of plaintiff in the cause. He fixes the reasonable value of his services in the sum of $100 plus $25 for disbursements and has duly demanded payment thereof of both plaintiff and defendant.

On return of show cause order on February 19, 1954 no one appeared on behalf of either plaintiff or defendant.

An examination of the file shows the pleadings thus far filed in the cause to be:

1. Complaint (no summons), filed January 15, 1954;
2. Petition and order to show cause filed January 29, 1954;
3. Affidavit of service of true copy of petition and order to show cause upon defendant, Fred C. Merkling, on February 1, 1954.

The record does not disclose service of summons and complaint upon the defendant and, therefore, the court is

without jurisdiction to act in the cause. It does not appear that a copy of petitioner's bill for fees, charges and disbursements has been delivered to the plaintiff. Obviously the instant proceeding in the light of the applicable law will not justify judgment against either plaintiff or defendant.

■■ The answer to the question of whether the petitioner is entitled to have a lien, common law or statutory, in the circumstances, is found in the case of *Visconti v. M. E. M. Machinery Corp.*, 7 *N. J. Super.* 271, 275 (*App. Div.* 1950), in the language set forth below. Petition for certification denied, September 11, 1950, 5 *N. J.* 347.

"At common law, an attorney has two liens: one general, the other special. His general lien is his right to retain possession of documents and other property of his client until he is paid whatever is due him for professional services. His special or charging lien arises only when judgment in favor of his client is entered; the lien is a charge against the judgment for services in that particular suit or cause of action. *American Automobile Ins. Co. v. Niebuhr*, 124 *N. J. Eq.* 372 (*Ch.* 1938). See also *Norrell v. Chasan*, 125 *N. J. Eq.* 230 (*E. & A.* 1938). The attorney is also protected in our State by a statute which grants a lien in his favor. Attorney's Lien Act of 1914, *P. L. p.* 410, *R. S.* 1937, 2:20-7, this act is designed to protect an attorney whenever he institutes an action or files an answer containing a counterclaim. The lien attaches to the client's 'cause of action, suit or counterclaim' as well as the verdict, report, decision, etc. The statute enlarged the protection afforded by the common law charging lien. *Norrell v. Chasan, supra.*"

■■ *R. S.* 2:20-7 mentioned in the above cited case is now *N. J. S.* 2A:13-5. It is evident petitioner's claim to fix attorney's lien possesses the attributes of a general common law lien as defined in *Visconti v. M. E. M. Machinery Corp., supra.* However, petitioner's right to commence an action for compensation, as outlined in his petition, is one that is comprehended by *N. J. S.* 2A:13-5. As already noted, it has not been shown that a copy of his bill for fees, charges and disbursements has been delivered to plaintiff in compliance with *N. J. S.* 2A:13-6.

In the circumstances, I find and conclude the petitioner is not entitled to have an attorney's lien in this cause and his petition and show cause order will be dismissed.

■ Petitioner demands a determination by the court as to the disposition of the above-titled cause. Plaintiff having addressed a communication to him authorizing a discontinuance of the action, he may invoke the provisions of *R. R.* 4:42–1 or he may await written notice of a motion by the court, under *R. R.* 1:30–3, to dismiss the same for want of prosecution.